IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | USCA No. 23-1566 |
| | ) | |
| Respondent-Appellee, | ) | Appeal from the |
| | ) | Northern District of Illinois, |
| v. | ) | Eastern Division |
| | ) | |
| DERONARTE NORWOOD, | ) | USDC No. 22 CV 3780 |
| | ) | |
| Petitioner-Appellant. | ) | Judge Gary Feinerman |

## JURISDICTIONAL MEMORANDUM

The UNITED STATES OF AMERICA, by its attorney, MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, respectfully submits this Jurisdictional Memorandum in response to this Court's order of May 10, 2023, as follows.

1. In the underlying criminal case, defendant Deronarte Norwood was charged by superseding indictment with one count of attempted transportation of a minor across state lines with the intent that she engage in prostitution, in violation of 18 U.S.C. § 2423(a) and (e). C.R. 101.[1] On March 22, 2018, a jury convicted Norwood of the single count in the superseding indictment. C.R. 119. The district court sentenced Norwood on May 30, 2019

---

[1] References to the record in *United States v. Norwood*, 16 CR 648 (N.D. Ill.) (Feinerman, J.) are to "C.R." followed by the document number. References to the record in *United States v. Norwood*, 22 CV 3780 (N.D. Ill.) (Feinerman, J. & Valderrama, J.) are to "R." followed by the document number.

(C.R. 166), entered final judgment on June 5, 2019 (C.R. 168), and entered an amended final judgment on June 7, 2019 (C.R. 170). Norwood appealed, and this Court affirmed his conviction and sentence on December 14, 2020. *See United States v. Norwood*, 982 F.3d 1032 (7th Cir. 2020).

2. On March 25, 2021, Norwood filed a "Request to Reconsider" before this Court. Case No. 19-2178, Dkt. 59. The government argued in response that defendant's request was untimely, as it was filed 101 days after judgment and 79 days after the mandate was issued. Case No. 19-2178, Dkt. 60. This Court construed defendant's "Request" as a motion to recall the mandate and for leave to file a petition for rehearing, which the court denied on April 30, 2021. Case No. 19-2178, Dkt. 61. Norwood did not petition for a writ of certiorari.

3. On July 14, 2022, Norwood mailed a letter to the Clerk of the District Court, which stated: "I [would] like to file a timely motion under 28 U.S.C. 2255. I do not have the funds to pay for fees nor discovery. I [would] like a date for a deadline for this motion if possible." R. 1. The district court construed this letter as a motion for leave to file a § 2255 petition, which the court granted and directed that Norwood was permitted to "file a 28 U.S.C. 2255 motion, subject to any defenses, including the statute of limitations." R. 6.

4. On October 7, 2022, Norwood's *pro se* § 2255 petition was filed on the docket, which appears to have been post-marked in September 2022. R. 8.

In his petition, Norwood argued that: (1) his Sixth Amendment Confrontation Clause rights were violated; (2) his trial counsel rendered ineffective assistance; (3) his sentencing counsel rendered ineffective assistance; and (4) his due process rights were violated at sentencing. *Id.*

5.     On December 21, 2022, the district court dismissed Norwood's § 2255 motion as untimely and declined to issue a certificate of appealability. R. 15, 16. The district court docket reflects that a notice of the court's order was mailed to Norwood. *Id.*

6.     On March 23, 2023, Norwood filed a notice of appeal as to the district court's December 21, 2022 order. R. 17. The notice of appeal bears a handwritten date of March 17, 2023, and it was received by the Clerk's office for the Northern District of Illinois on March 23, 2023. R. 17.

7.     A party must file an appeal from the denial of a motion pursuant to 28 U.S.C. § 2255 within the time prescribed by 28 U.S.C. § 2107 and Federal Rule of Appellate Procedure 4(a)(1)(B). *Lawuary v. United States*, 669 F.3d 864, 865 (7th Cir. 2012). To be timely, a notice of appeal in a civil case where the United States is a party must be filed within 60 days after a final judgment is entered. Fed. R. App. P. 4(a)(1)(B)(i). These time limits for filing a notice of appeal are jurisdictional and mandatory. *See Bowles v. Russell*, 551 U.S. 205, 213 (2007); *Satkar Hosp., Inc. v. Fox Television Holdings*, 767 F.3d 701, 706

(7th Cir. 2014). If a party fails to file a notice of appeal within the period prescribed by the statute, an appellate court must dismiss the appeal for lack of jurisdiction. *Bowles*, 551 U.S. at 213.

8. The deadline for filing a notice of appeal from the district court's December 21, 2022 order dismissing Norwood's § 2255 motion passed after 60 calendar days, which was February 19, 2023. *See* 28 U.S.C. § 2107(b)(1); Fed. R. App. P. 4(a)(1)(B). The notice filed by Norwood on March 23, 2023 is therefore late.

9. Defendant's notice of appeal states, "I was not notified by the court of this order nor the Judge decision. I called the Clerk's desk March 10th 2023 to get a status update and that's when I learned of the Judge decision." R. 17. Federal Rule of Appellate Procedure 4(a)(6) permits a district court to reopen the time to file a notice of appeal if, among other things, the court finds that the moving party did not receive timely notice of the judgment or order sought to be appealed within 21 days of its entry. Even assuming Norwood did not receive timely notice of the district court's December 21, 2022 order, Rule 4(a)(6) affords him no relief. Norwood has not moved for, nor has the district court granted, a reopening of the time to file an appeal, and this Court is not empowered to excuse a late notice of appeal. Fed. R. App. 26(b); *Bowles*,

4

551 U.S. at 214 (holding that the "Court has no authority to create equitable exceptions to jurisdictional requirements").

10. Pursuant to Federal Rule of Appellate Procedure 4(a)(5), the district court could have extended Norwood's time to file a notice of appeal based on a motion claiming good cause or excusable neglect. But Norwood has made no such motion in the district court and, again, this Court is not empowered to grant such relief. Fed. R. App. P. 26(b).

11. For the reasons set forth above, Norwood's appeal should be dismissed for lack of jurisdiction.

Dated: May 16, 2023            Respectfully Submitted.

                         MORRIS PASQUAL
                         Acting United States Attorney

By: */s/ Julia K. Schwartz*
JULIA K. SCHWARTZ
Assistant U.S. Attorney
219 South Dearborn Street
5th Floor
Chicago, Illinois 60604
(312) 353-5326
julia.schwartz@usdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2023, I electronically filed the foregoing Response to Jurisdictional Memorandum with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within three calendar days to the following non-CM/ECF participants:

DERONARTE NORWOOD, 51636-424
USP HAZELTON
U.S. PENITENTIARY
P.O. BOX 2000
BRUCETON MILLS, WV  26525

*/s/ Julia K. Schwartz*
JULIA K. SCHWARTZ
Assistant U.S. Attorney
219 South Dearborn Street
5th Floor
Chicago, Illinois 60604
(312) 353-5326
julia.schwartz@usdoj.gov