IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | USCA No. 23-1566 |
| ) | |
| Respondent-Appellee, ) | Appeal from the |
| ) | Northern District of Illinois, |
| v. ) | Eastern Division |
| ) | |
| DERONARTE NORWOOD, ) | USDC No. 22 CV 3780 |
| ) | |
| Petitioner-Appellant. ) | Judge Franklin U. Valderrama |

### SUPPLEMENT TO JURISDICTIONAL MEMORANDUM

The UNITED STATES OF AMERICA, by its attorney, MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, respectfully submits this Supplement to the Government's Jurisdictional Memorandum, in response to this Court's order of May 17, 2023, as follows.

1.  In its May 16, 2023 Jurisdictional Memorandum, the government argued that this Court lacks jurisdiction over Petitioner-Appellant Deronarte Norwood's appeal because Norwood did not file a notice of appeal of the district court's December 21, 2022 order dismissing his motion under 28 U.S.C. § 2255 within 60 days after entry of final judgment, or by February 19, 2023, as required by Federal Rule of Appellate Procedure 4(a)(1)(B)(i). Dkt. 10 at 4-5. Instead, Norwood's notice of appeal was received by the District Court Clerk

1

on March 23, 2023; it was postmarked March 20, 2023; and it listed March 17, 2023 in handwriting. R. 17.

2.　　　But as this Court observed in its May 17, 2023 order, Norwood's notice of appeal stated: "I was not notified by the court of this order nor the Judge decision. I called the Clerk's desk March 10th 2023 to get a status update and that's when I learned of the Judge decision." R. 17; Dkt. 11. This Court therefore directed the government to file "a brief memorandum addressing whether appellant's notice of appeal can also be treated as a request to reopen the time to appeal under Fed. R. App. P. 4(a)(6)." Dkt. 11.

3.　　　Federal Rule of Appellate Procedure 4(a)(6) permits the district court to reopen the time to file an appeal for a period of 14 days, but "only if all the following conditions are satisfied": (1) the moving party did not receive notice within 21 days of entry of the judgment or order being appealed; (2) the motion is filed within 180 days after the judgment or order was entered or within 14 days after the moving party was served with notice, whichever is earlier; and (3) the court finds that no party would be prejudiced.

4.　　　The Rule 4(a)(6) inquiry must be conducted by the district court. As this Court has recognized, "Rule 4(a)(6) specifically gives the authority to reopen the time for filing an appeal to the district court; appellate courts

2

cannot extend the time to file a notice of appeal." *In re Fischer*, 554 F.3d 656, 657 (7th Cir. 2009); *see also* Fed. R. App. P. 26(b). *See also, e.g.*, *Khor Chin Lim v. Courtcall Inc.*, 683 F.3d 378, 379 (7th Cir. 2012) (court of appeals ordered limited remand for district court to consider "whether plaintiff's factual representation [regarding when he received the judgment for purposes of Rule 4(a)(6)] was honest"); *Matter of Marchiando*, 13 F.3d 1111, 1114 (7th Cir. 1994) (Rule 4(a)(6) requires fact findings by district judge).

5.      Here, the district court could construe Norwood's March 23, 2023 notice of appeal as a motion under Rule 4(a)(6). *See, e.g., Norwood v. E. Allen Cnty. Sch.*, 825 F. App'x 383, 386 (7th Cir. 2020) (district judge construed "Belated Appeal" as a motion under Rule 4(a)(6), which the Court held was sufficient notice of appeal); *Krivi v. United States*, No. CR 07-30143-GPM, 2014 WL 2738416, at *1 (S.D. Ill. June 17, 2014) (court of appeals construed a petition for mandamus as a motion to reopen time to appeal and remanded for district court "to rule on petitioner's Rule 4(a)(6) motion"); *Owens v. Godinez*, 860 F.3d 434, 437 (7th Cir. 2017) (per curiam) (same document treated as both notice of appeal and motion to extend time to appeal). The district court could only grant a motion under Rule 4(a)(6), however, if it found that defendant satisfied the aforementioned requirements.

3

6.  It is the government's view that, at this time, Norwood has not pointed to any evidence that he did not receive notice within 21 days of entry of the judgment or order being appealed, as Rule 4(a)(6) requires. Norwood asserts that he did not receive a copy of the district court's December 21, 2022 order until March 10, 2023, learning of it only by a phone call to the Clerk's Office. But he did not provide an affidavit or notarized declaration setting forth that claim, and the district-court docket undercuts his representation. For example, that docket indicates that the district court's order denying defendant's § 2255 motion was mailed to petitioner on December 21, 2022 (R. 15), and there is no indication on the docket that this mailing—or any other mailing sent to defendant by the district court—was ever returned to sender. *See, e.g.*, R. 6-7, 9, 12, 14. In addition, Norwood does not appear to have transferred prisons, thereby reducing the likelihood that the mailed notice did not reach him. *See, e.g.,* R. 13 (Norwood's § 2255 filing dated November 22, 2022 postmarked from USP Hazelton); R. 17 (Norwood's notice of appeal postmarked from USP Hazelton). Indeed, defendant has not claimed that he failed to receive other mailings from the district court sent to him at USP Hazelton.

7. Accordingly, defendant's appeal should be dismissed for lack of jurisdiction, but with leave for defendant to reinstate his notice of appeal should the district court—after being directed by this Court to consider defendant's March 23, 2023 notice of appeal for purposes of Federal Rule of Appellate Procedure 4(a)(6)—reopen the time by which defendant can file his notice of appeal.

Dated: May 23, 2023                                    Respectfully Submitted.

                                                       MORRIS PASQUAL
                                                       Acting United States Attorney

                                                By:    */s/ Julia K. Schwartz*
                                                       JULIA K. SCHWARTZ
                                                       Assistant U.S. Attorney
                                                       219 South Dearborn Street
                                                       5th Floor
                                                       Chicago, Illinois 60604
                                                       (312) 353-5326
                                                       julia.schwartz@usdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2023, I electronically filed the foregoing Supplement to Jurisdictional Memorandum with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within three calendar days to the following non-CM/ECF participants:

DERONARTE NORWOOD, 51636-424
USP HAZELTON
U.S. PENITENTIARY
P.O. BOX 2000
BRUCETON MILLS, WV  26525

*/s/ Julia K. Schwartz*
JULIA K. SCHWARTZ
Assistant U.S. Attorney
219 South Dearborn Street
5th Floor
Chicago, Illinois 60604
(312) 353-5326
julia.schwartz@usdoj.gov